STATE, EX REL. PATRICK SHERIDAN, COLLECTOR OF UNION COUNTY, v. JEREMIAH VAN WINKLE, TREASURER OF THE CITY OF PLAINFIELD.

Where a city treasurer has for several years been permitted by the county collector to pay over a part of the state and county tax to the board of education, and has received credit for the same in his settlement with the collector, a *mandamus* will not be granted to compel the repayment to the collector of moneys already paid to the board of education under this arrangement.

This is upon rule to show cause why a *mandamus* should not issue to the respondent, the treasurer of Plainfield, commanding him to pay to the collector of Union county the sum of $2478.61, with interest from November 2d, 1883.

Argued at November Term, 1883, before Justice REED.

For the relator, *J. A. Fay.*

For the respondent, *C. A. Marsh.*

The opinion of the court was delivered by

REED, J. This *mandamus* is a sequel to a *mandamus* allowed in the case of State, ex rel. Board of Education of Plainfield, v. Sheridan, Collector, decided at June Term last of this court, commanding the said Sheridan, collector, to pay over to the treasurer of Plainfield, for the board of education of Plainfield, the sum of $1928.77, with interest. As will more fully appear from the facts stated in that case, the course of conduct between the county collector and the collector of Plainfield had been as follows: The county collector, instead of paying over to the city treasurer the amount of the order which he held for school moneys due to the city of Plainfield, would credit the amount of such order upon the amount due from the city for state and county tax, and trust to the city

collector to pay the amount of such school moneys over to the board of education. In the last-mentioned case this court held that the county collector was responsible for the payment of any balance which the city collector had failed to pay to the board of education, and compelled the county to pay over the sum of $1928.77, with interest, as such balance, although he had credited that amount upon the sum due him from the city collector for state and county taxes. Upon his payment of this sum to the treasurer for the board of education, there was due to him the same sum from the city treasurer for the state and county taxes, because of his retention of this amount under the arrangement already mentioned.

It is to compel the payment of this sum that this writ is prayed.

It further appears that a previous *mandamus* was granted by this court to collect the unpaid amount of state and county taxes for the same year, 1879, the case in which it issued being reported in 14 *Vroom* 125. This writ was obeyed.

It thus appears that this is a prayer for a second writ to the same officer to pay over the amount due to the same collector for state and county taxes for the year 1879, after the first writ has been obeyed. It is contended that the amount due to the county collector was an entire sum, and that having procured a *mandamus* for a part he is in the same position as if he had obtained a judgment for such part, namely, he is precluded from suing for the balance.

There is also a question as to the exact amount which was paid by the city collector to the board of education. The respondent, who was not a party to the former *mandamus*, and so is not concluded by the amount found due in that proceeding, insisted that a greater sum should be credited upon the amount alleged to be due from him than was allowed in the *mandamus* to the county collector.

But it strikes me that the case of *Sheridan* v. *Van Winkle*, 14 *Vroom* 579, must control the action of this court, and the irresistible direction of the ruling in that case is against the allowance of this *mandamus* to the treasurer.

Hetfield v. Plainfield.

The facts here are similar to those existing in that case. The treasurer had paid over all moneys which he had received from the collector to be applied to the purposes of the city, supposing such money to be the outcome of taxation for city purposes. He was led to do this by the fact that the county collector had demanded the state and county quota, not from him, but from the city collector, who had pretended to pay them.

The moneys which have come to his hands since 1880 he has paid over to the city, because the previous orders of the court to pay the quotas of the years 1878, 1879 and 1880 had been obeyed, and he supposed it was a finality.

In the case when last before the court under these circumstances, the court refused to charge the treasurer personally with any deficiency in these funds, and intimated that the city was responsible for the full balance of state and county tax.

This writ cannot be granted against the city of Plainfield, they not having been noticed, and I am compelled to discharge this rule.